(Superior Court of Cincinnati.)
General Term.

W. E. HUTTON ET AL., v. THE NORTHERN BANK OF KENTUCKY.

---

*Weight of testimony as to alleged concealment by creditor for the purpose of inducing others to become sureties for the debtor.*

---

JACKSON J; Dempsey and Davis JJ., concur.

The defendant in error (plaintiff below) brought suit to recover upon a promissory note for $5,000, dated Covington, Ky., December 16th, 1895, and payable to the Northern Bank of Kentucky four months from the date thereof. The note was signed by J. N. Wooliscroft, H. H. Peck, C. M. Anderson, W. E. Hutton and James K. Morrison, and the sum of $1,250 was paid on said note August 2d, 1892, by H. H. Peck.

The defendants W. E. Hutton and J. K. Morrison answered setting forth by

[COPYRIGHT, 1899, BY CARL G. JAHN.]

way of defense that they were merely accommodation makers on the note as sureties for J. N. Wooliscroft in order to enable him to borrow money; that at the time of the execution of said note Wooliscroft was indebted to the bank in a sum in excess of $5,000, and that no money was actually loaned said Wooliscroft, but that said note was passed to his credit in order to cover his prior indebtedness: all of which was unknown to the defendants, and which facts it is claimed were concealed by plaintiff from defendants. It is further alleged by way of defense that at the time of the execution of said note, Wooliscroft was hopelessly insolvent, as was well known to the officers of the bank, but that plaintiff falsely and fraudulently represented to defendants that said Wooliscroft was all right financially, but needed some money temporarily in his business, and that defendants signed the note in question in reliance upon such representation. It is claimed that such representations "were untrue and a scheme to assist the bank to reduce its claim at defendants' expense." Another defense set up in the answer is that the bank had ample indemnity for its claim against Wooliscroft, and defendants therefore ask that plaintiff be compelled to account for and exhaust the same. These allegations in defendants' answer are denied in the reply.

We are cited to a number of authorities to support the proposition that concealment or misrepresentation by a creditor, such as is alleged in the answer, for the purpose of inducing others to go surety for the debtor will release the sureties from obligation. In fact, it may be stated, generally, that the defendants in this action would clearly be released from all liability on this note if the facts set forth in the answer were established. Upon the hearing in the court below evidence was offered tending to show that the note so discounted by the bank was not passed to the credit of Wooliscroft for the purpose of covering a past indebtedness, but that the amount was checked out from time to time. It is true that Wooliscroft was indebted to the bank in the sum of about $1,100 when the note was executed, but the statement attached to the bill of exceptions shows that he subsequently checked out about $5,400. Wooliscroft himself testifies that he was perfectly solvent when the note was executed, but that he subsequently became insolvent by fluctuations in the wheat market. It would appear from the testimony of the bank officers that they had no reason to suppose that Wooliscroft was at the time, or that he was in danger of becoming insolvent. It also appears that the only representations made by any one connected with the bank as to Wooliscroft's financial condition, or the purpose for which he desired the loan, were made by H. H. Peck, who was also one of the sign-

ers of the note and who paid thereon the sum of $1,250. This fact alone would be sufficient to negative any presumption of bad faith on the part of Mr. Peck as officer of the bank. It also appears that Mr. Peck did not make any direct representations to either Hutton or Morrison, but merely stated what Wooliscroft had stated to him to be his purpose for negotiating the loan.

The court below found the facts adversely to defendants. This finding is not manifestly against the weight of the evidence, but on the contrary seems to be clearly supported by the evidence The judgment of the court below will therefore be affirmed.

Campbell, Bates, Clen Dening & Meyer, for plaintiffs in error.

Peck and Shaffer, contra.